WILLIAM GUEBERT

v.

JOHN ZICK ET AL.

*Fraudulent Conveyances—Creditor's Bill—Assignment—Declarations and Admissions.*

Upon a bill to set aside deeds executed at different times, and conveying various interests in the same property to the same grantee, it being alleged that such conveyances were in fraud of creditors, and to subject the real estate in question to the payment of certain judgments, it is *held:*  That the evidence does not justify the assumption that the first conveyance made was

tainted with fraud; that the declarations and admissions of the grantor, made to a third person, touching said sale and conveyance, were not competent to prove the grantee's knowledge of the grantor's intent, or his participation in any fraudulent purpose on her part; and that a later deed, given by another party in interest, must be looked upon as fraudulent and void as against the judgment in question.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Randolph County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. A. G. GORDON, for appellant.

Messrs. W. HARTZELL and F. B. SIMPSON, for appellees.

GREEN, P. J. Appellees filed their bill in chancery against Sophia, Helena and Rudolph J. Boekhoff, and appellant, to set aside deeds from Helena and Rudolph to appellant, and subject the lands conveyed to the payment of two judgments, one in favor of Zick against Sophia, Helena and Rudolph J. Boekhoff for $3,232.71 and costs, the other in favor of Theda Boekhoff against Sophia and Helena Boekhoff for $2,092 and costs.

The bill alleges the lands were conveyed to defendant Guebert by Helena and Rudolph J. Boekhoff, to hinder, delay or defraud complainants and other creditors, and that Guebert had notice of the fraudulent intent at the time he purchased the lands, and that Sophia Boekhoff made an assignment to him for the pretended benefit of creditors, and it was done in furtherance of said fraudulent design, and was made at the same time said conveyances were executed, and is a part of the same transaction. From the evidence it appears four children of Sophia were entitled in fee to the said premises, subject to her dower and homestead, at the time of the conveyance to Guebert. Helena executed, acknowledged and delivered the deed conveying her interest to Guebert on Saturday, June 27, 1885, and received the consideration of $1,000 the same day. On the next day, Sophia, the mother of Helena and Rudolph J., came to Guebert and requested him to

act as assignee. He consented to do so, and she executed a deed of assignment to him, conveying her interest in said premises and all her personal property for the benefit of her creditors, reserving her homestead and right of exemption. Rudolph J. and his brother joining in one deed, on Sunday, June 28th, conveyed their interest in said premises to Guebert, each receiving $1,000 in the notes of Guebert as and for the purchase price. This deed and the deed of assignment purport to have been executed and acknowledged June 29th and were recorded, together with said deed from Helena, on that day at 6 o'clock A. M. The court decreed that the deed of Rudolph J. Boekhoff and the deed of Helena be set aside, canceled and held for naught, and that said complainants may proceed with the collection of their said judgments, as though said deeds had not been executed by said Rudolph J. and Helena, by levy upon and sale of the lands described in said deeds. We are not satisfied this decree is right or justified by the evidence.

It does not appear Guebert knew, at the time he bought of Helena, and received her deed for the interest she owned, and paid the consideration, that she intended by such sale and conveyance to hinder, delay, or defraud her creditors. No sale by Rudolph of any interest to Guebert had then been contemplated, nor had the assignment to him by Sophia then been suggested or proposed; but Helena sought Guebert, importuned him to buy her interest and told him she wanted some cash to pay a person to whom she was indebted, who lived in Belleville, and the declarations and admissions of Helena in July, touching the sale and conveyance of her interest made to F. A. Wind, and testified to by him, were not competent as against Guebert to prove his knowledge of her intent, or his participation in her fraudulent purpose. The evidence was not sufficient to warrant the setting aside of Helena's deed, or subjecting the interest she conveyed to the payment of complainant's judgments. As to Rudolph J. Boekhoff the evidence may justify the finding of the fraudulent intent charged, and that Guebert knew of and was a party to the fraudulent purpose when he purchased

and took the deed from Rudolph and his brother; but it was error to set aside and cancel this deed entirely. It should have been decreed void only as against the judgment of Zick and subjected the interest of Rudolph in the land conveyed to the payment thereof. For the errors indicated the decree is reversed and the cause remanded.

*Reversed and remanded.*