Zick v. Guebert.

41 603
1½s 154

## JOHN ZICK AND THEDA BOEKHOFF

### V.

## WILLIAM GUEBERT.

*Fraudulent Conveyances—Creditor's Bill.*

Upon a bill brought to set aside conveyances conveying interests in the same property to the same grantee alleged to be in fraud of creditors, and

to subject said real estate to the payment of certain judgments, this court declines to interfere with a decree dismissing the bill as to a defendant named, and setting aside the deed of another as against the rights of complainants.

## [Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Randolph County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. F. A. WIND, WILLIAM HARTZELL and J. B. SIMPSON, for appellants.

Messrs. GORDON & ALLISON, for appellee.

GREEN, P. J.   This case was before us at a former term, and will be found reported in 31 Ill. App. 390.   This court reversed the decree then entered, because by it the deed from Helena Boekhoff to Guebert was set aside as fraudulent, and we held as to it, the evidence was not sufficient to establish the fraudulent intent charged in the bill.   We also held that as to the deed from Rudolph J. Boekhoff to Guebert, the evidence might justify the finding it was made with the fraudulent intent as charged, but it was error to set aside and cancel the deed entirely; that it should have been decreed void only as against the judgment of Zick, and subjected the interest of Rudolph in the land conveyed to the payment thereof.   The cause was redocketed in the court below, and the bill amended. A hearing was had there, resulting in a decree dismissing the bill as to defendant Helena Boekhoff, and setting aside deed from Rudolph J. Boekhoff to William Guebert as against the rights of complainants, John Zick and Theda Boekhoff. Complainants took this appeal.

The statement of the case in the former opinion, and the reasons there stated for the conclusion arrived at by this court, are applicable to this record, except that the theory of the amended bill seems to be, that the conveyances were not only made with the fraudulent intent to hinder and delay the creditors of the grantors, but were a mere sham, and the shares

conveyed to Guebert by the several deeds are held by him in secret trust for the benefit of the grantors. No additional material evidence was introduced, except the testimony of Helena Bockhoff, and that strengthens rather than weakens the conclusion stated in our former opinion that "It does not appear Guebert knew at the time he bought of Helena, and received her deed for the interest she owned, and paid the consideration, that she intended by such sale and conveyance to hinder, delay or defraud her creditors. No sale by Rudolph of any interest to Guebert had then been contemplated, nor had the assignment to him by Sophia then been suggested or proposed. But Helena sought Guebert, importuned him to buy her interest, and told him she wanted some cash to pay a person to whom she was indebted."

Both Helena and Guebert deny that the conveyance was made to him with the understanding or agreement that he should reconvey the share to her at any time thereafter if she wanted it. Zick and his attorney contradict Helena and Guebert on this point, by testifying to declarations made by Guebert to each of them, to the effect that he had agreed to give back to her the share she conveyed, if she asked it of him within a reasonable time, and paid him the amount of purchase money and interest. The version given by Guebert of his statements to these witnesses is, that the charge was made that he bought the shares too cheap, and he replied, if they thought so, he would sell it back for the money he paid and the interest, and payment for his trouble. This conflict between the evidence on behalf of defendant, and that of complainants, was settled in favor of the defendants by the court, and we think correctly.

Much evidence was admitted by the court at the hearing, which, as against Guebert, was incompetent, and doubtless was so regarded by the court in making the decree. Hence we deem it superfluous to reproduce it here. No sufficient reason appearing requiring the reversal of the decree, it is affirmed.

*Decree affirmed.*